6/23/2010

STATE OF MICHIGAN
THIRD CIRCUIT COURT

# SUMMONS AND RETURN OF SERVICE

CASE NO. 10-006463-NO

COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT TELEPHONE NO. (313) 224-

THIS CASE ASSIGNED TO JUDGE: Daphne Means Curtis Bar Number: 26255

PLAINTIFF: ELLISON, TONJA VS DEFENDANT: DETROIT CITY OF

PLAINTIFF'S ATTORNEY

Gonek, Ben M.
(P-43716)
101 W Big Beaver Rd Ste 1000
Troy, MI 48084-5280
(248) 457-7122

10/58 Am GP RECEIVED JUL 02 2010 CITY OF DETROIT LAW DEPARTMENT

| CASE FILING FEE | | JURY FEE |
|---|---|---|
| Paid | | Paid |
| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
| 06/08/2010 | 09/07/2010 | Pamela Oliver |

*This summons is invalid unless served on or before its expiration date.

Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ______________________ Court.

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ______________________ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

SEAL OF THE CIRCUIT COURT OF WAYNE COUNTY MICHIGAN

_______________ Date

_______________ Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101 REV. (3-98) MC 01 (10/97) **SUMMONS AND RETURN OF SERVICE** MCR 2.102(B)(11) MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a) (b), MCR 3.206 (A)

DEFENDANT

--CITY CLERK 28 JUN 10

STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

TONJA ELLISON,

Plaintiff,

Case No:

-vs

Hon.

OFFICER SOVA, in his Individual capacity,
and the CITY OF DETROIT,
Jointly and Severally,

Defendants.
_____________________________________/

BEN M. GONEK (P43716)
Ben M. Gonek, P.C.
Attorney for Plaintiff
101 West Big Beaver Road
10th Floor
Troy, Michigan 48084
(248) 457-7141
_____________________________________/

FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
2010 JUN -8 P 4:31

There is no other pending or resolved civil action between these parties arising out of the same transaction or occurrence alleged in this Complaint.

**COMPLAINT AND JURY DEMAND**

NOW COMES, the Plaintiff, TONJA ELLISON, by and through her attorney, BEN M. GONEK, and for her Complaint in this matter, states the following:

**INTRODUCTION**

1. This cause of action is civil in nature and arises from the actions of an individual employed as a police officer through the Detroit Police Department contrary to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States of America as well as Michigan state law.

2. The Defendant, while acting intentionally with malice and ill will and in wanton and willful disregard to Plaintiff TONJA ELLISON's (hereinafter, "Ms. Ellison") Constitutional Rights, caused Ms. Ellison to be unlawfully arrested and imprisoned without the existence of probable cause, to be treated with unreasonable, excessive, and unlawful force where was no legal justification to do so, and to be maliciously prosecuted in direct violation of her constitutional rights.

**PARTIES**

3. Plaintiff, Ms. Ellison, is a resident of the City of Detroit, County of Wayne, State of Michigan.
4. Upon information and belief, DEFENDANT OFFICER SOVA (hereinafter, "Sova") is a resident of the City of Detroit, County of Wayne, State of Michigan, and at all times relevant to this Complaint, was employed as a police officer by the Detroit Police Department, and is being sued in his individual capacity.
5. Defendant CITY OF DETROIT is a governmental subdivision located in Wayne County, Michigan, and at all times relevant to this complaint had overall control and supervision of the operations of the Detroit Police Department, and is being sued jointly and severally along with the above individually named Defendants.
6. At all times relevant herein and in their actions described herein, the individually named Defendant was acting under the color of state law.
7. At the time the events alleged in this Complaint occurred, the individually named Defendant was violating Ms. Ellison's clearly established Constitutional Rights and Defendant's actions were clearly unreasonable. As such, Defendant is not entitled to the defenses of either qualified or governmental immunity.

8. At all material times, Defendant CITY OF DETROIT employed the individually named Defendants as police officers and is liable for their illegal acts. Defendant CITY OF DETROIT is also liable because of its policies, practices, and customs which lead to this incident and Complaint.

**JURISDICTION AND VENUE**

9. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States as well as Michigan state law.

10. The actions alleged in this Complaint took place in the County of Wayne, State of Michigan, and the Plaintiff is seeking damages in excess of $25,000, exclusive of interest and costs.

11. As such, jurisdiction and venue are proper in this Court.

**FACTS**

12. Plaintiff incorporates by reference paragraphs one (1) through eleven (11) of this Complaint as if fully stated herein.

13. On or about 2:00 in the afternoon on June 9, 2007, Ms. Ellison was at a park in the City of Detroit, County of Wayne, State of Michigan.

14. Defendant Sova was on routine patrol at that time in full uniform and in a fully marked squad car.

15. At some point, Ms. Ellison thought that she saw an individual that she knew from her neighborhood and walked over to his car to say hi to him.

16. Unbeknownst to Ms. Ellison, the other individual was being pulled over by the Defendant at the time.

17. When Ms. Ellison approached the vehicle, the Defendant yelled at her to back away from the car, which Ms. Ellison did.

18. While Ms. Ellison was backing away, for some unknown reasons and without legal justification, the Defendant grabbed Ms. Ellison, slammed her to the hood of the police car, and handcuffed her.

19. Ms. Ellison was arrested, thrown in the back of the squad car, and taken to jail where she was incarcerated.

20. While being booked, Ms. Ellison attempted to inform the Defendant of an injury suffered to her knee during the force used on her during the earlier arrest, but the Defendants continued to ignore her complaints and would drag her from place to place within the police station.

21. Eventually, because of intentional misrepresentations in police reports and other documents, Ms. Ellison was charged with Interfering with City Employees in Performance of Duty at 36th District Court and was subjected to criminal prosecution.

22. On August 26, 2010, the Hon. Donald Coleman dismissed all charges against Ms. Ellison without prejudice.

23. As a result of her injury, Ms. Ellison continues to suffer from constant and painful complications.

**FIRST CLAIM**
**Unlawful Arrest and Imprisonment under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments**

24. Plaintiff incorporates by reference paragraphs one (1) through twenty-three (23) of this Complaint as if fully stated herein.

25. By arresting and imprisoning Ms. Ellison where there was no probable cause to do so, the individually named Defendant, acting individually or in concert under the color of law, acted intentionally, maliciously, and with ill will in wanton and willful disregard to Ms. Ellison's Rights under the Constitution.

26. Any reasonable person or police officer should have known that such actions were in violation of Ms. Ellison's clearly established Constitutional Rights, thus Defendant is not entitled to either qualified or governmental immunity.

27. As a direct and proximate result of Defendant's actions and the unlawful arrest and imprisonment of Ms. Ellison, Ms. Ellison suffered injury and damage including, but not limited to, the following:

    a. Physical injuries;
    b. Pain, suffering, and emotional distress;
    c. Injuries to his reputation;
    d. Aggravation of pre-existing medical conditions;
    e. Humiliation, mortification, and embarrassment;
    f. Post-traumatic stress disorder, anxiety, and depression; and
    g. Other injuries, damages, and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

## SECOND CLAIM
**Malicious Prosecution under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments**

28. Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (27) of this Complaint as if fully stated herein.

29. By intentionally fabricating evidence and statements in police reports and other law enforcement documents, for the purpose of subjecting Ms. Ellison to criminal prosecution, the individually named Defendant, acting individually and in concert under the color of law, acted intentionally, maliciously, and with ill will in willful and wanton disregard to Ms. Ellison's Rights under the Constitution.
30. Any reasonable person or police officer should have known that such actions were in violation of Ms. Ellison's clearly established Constitutional Rights, thus Defendant is not entitled to either qualified or governmental immunity.
31. As a direct and proximate result of Defendant's actions and the malicious prosecution of Ms. Ellison, Ms. Ellison suffered injury and damage including, but not limited to, the following:
    a. Physical injuries;
    b. Pain, suffering, and emotional distress;
    c. Injuries to his reputation;
    d. Aggravation of pre-existing medical conditions;
    e. Humiliation, mortification, and embarrassment;
    f. Post-traumatic stress disorder, anxiety, and depression; and
    g. Other injuries, damages, and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

**THIRD CLAIM**
**Use of Excessive Force under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments**

32. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) of this Complaint as if fully stated herein.

33. Defendant Sova, acting individually and in concert under the color of law, used excessive force by slamming Ms. Ellison against the police car, injuring her knee, and by ignoring her injuries where there was no legal basis for such action.

34. The Defendant acted intentionally with malice and ill will and in wanton and willful disregard to Ms. Ellison's Constitutional Rights.

35. Any reasonable person or police officer should have known that such actions were illegal and in violation of Ms. Ellison's clearly established Constitutional Rights, thus Defendant is not entitled to qualified or governmental immunity.

36. As a direct and proximate result of Defendant's actions and the malicious prosecution of Ms. Ellison, Ms. Ellison suffered injury and damage including, but not limited to, the following:

    a. Physical injuries;
    b. Pain, suffering, and emotional distress;
    c. Injuries to his reputation;
    d. Aggravation of pre-existing medical conditions;
    e. Humiliation, mortification, and embarrassment;
    f. Post-traumatic stress disorder, anxiety, and depression; and

g. Other injuries, damages, and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

**FOURTH CLAIM**
**Constitutional Violations – City of Detroit**

37. Plaintiff incorporates by reference paragraphs one (1) through thirty-six (36) of this Complaint as if fully stated herein.

38. The individually named Defendant committed the Constitutional violations described in this Complaint as a result of the training and/or lack of training, policies, procedures and customs adopted by the City of Detroit Police Department and Defendant CITY of DETROIT, and the lack of discipline implemented by the City of Detroit Police Department and/or Defendant CITY of DETROIT.

39. Defendant CITY of DETROIT, through its police department, failed to properly train, monitor, direct, discipline and supervise its officers, and knew or should have known that the officers, and specifically the individually named Defendant, would engage in the complained of behavior given the improper training, customs, procedures, practices and policies of the City of Detroit Police Department, and the lack of disciplined imposed.

40. The improper polices, practices, procedures and customs of Defendant CITY OF DETROIT and the City of Detroit Police Department, as well as the improper training, monitoring, instruction, direction, discipline and supervision by the City of Detroit Police Department, proximately caused the violation of Plaintiff's Fourth and Fourteenth Amendment rights.

41. As a direct and proximate result of Defendant's violation of Ms. Ellison's Constitutional rights, Plaintiff suffered injury and damages including, but not limited to, the following:

a. physical injuries;

b. pain, suffering, and emotional distress;

c. injuries to his reputation;

d. post traumatic stress disorder;

e. anxiety and depression;

f. humiliation, mortification, and embarrassment; and

g. other injuries, damages and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

**FIFTH CLAIM**
**Assault and Battery under State Law**

42. Plaintiff incorporates by reference paragraphs one (1) through forty-one (41) of this Complaint as if fully stated herein.

43. The Defendant, by slamming Ms. Ellison against the police car, injuring her knee, and by ignoring her injuries where there was no legal basis for such action, acted intentionally with malice and ill will.

44. Any reasonable person or police officer should have known that such actions were in bad faith, thus Defendant is not entitled to governmental immunity.

45. As a direct and proximate result of Defendant's actions and the unlawful arrest and imprisonment of Ms. Ellison, Ms. Ellison suffered injury and damage including, but not limited to, the following:

a. Physical injuries;

b. Pain, suffering, and emotional distress;

c. Injuries to his reputation;

d. Aggravation of pre-existing medical conditions;

e. Humiliation, mortification, and embarrassment;

f. Post-traumatic stress disorder, anxiety, and depression; and

g. Other injuries, damages, and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

**SIXTH CLAIM**
**False Arrest and Imprisonment under State Law**

46. Plaintiff incorporates by reference paragraphs one (1) through forty-five (45) of this Complaint as if fully stated herein.

47. By arresting and imprisoning Ms. Ellison where there was no probable cause to do so, the individually named Defendant, acting individually or in concert under the color of law, acted intentionally, maliciously, with bad faith, and with ill will.

48. Any reasonable person or police officer should have known that such actions were in bad faith, thus Defendant is not entitled to governmental immunity.

49. As a direct and proximate result of Defendant's actions and the unlawful arrest and imprisonment of Ms. Ellison, Ms. Ellison suffered injury and damage including, but not limited to, the following:

a. Physical injuries;

b. Pain, suffering, and emotional distress;

c. Injuries to his reputation;

d. Aggravation of pre-existing medical conditions;

e. Humiliation, mortification, and embarrassment;

f. Post-traumatic stress disorder, anxiety, and depression; and

g. Other injuries, damages, and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

**SEVENTH CLAIM**
**Malicious Prosecution under State Law**

50. Plaintiff incorporates by reference paragraphs one (1) through forty-nine (49) of this Complaint as if fully stated herein.

51. By intentionally fabricating evidence and statements in police reports and other law enforcement documents for the purpose of subjecting Ms. Ellison to criminal prosecution, the individually named Defendant, acting individually and in concert under the color of law, acted intentionally, maliciously, with bad faith, and with ill will.

52. Any reasonable person or police officer should have known that such actions were in bad faith, thus Defendant is not entitled to governmental immunity.

53. As a direct and proximate result of Defendant's actions and the malicious prosecution of Ms. Ellison, Ms. Ellison suffered injury and damage including, but not limited to, the following:

a. Physical injuries;

b. Pain, suffering, and emotional distress;

c. Injuries to his reputation;

d. Aggravation of pre-existing medical conditions;

e. Humiliation, mortification, and embarrassment;

f. Post-traumatic stress disorder, anxiety, and depression; and